**Cathal L. KEGEL, Guardian of the person and estate of Louis G. Kegel and Cathal L. Kegel, Individually, Appellants,**

v.

**Vincent RUNNELS and St. Paul Fire and Marine Insurance Company, Appellees.**

No. 85–2190.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1986.

Decided June 13, 1986.

---

Timothy O. Dudley, Little Rock, Ark., for appellants.

Constance G. Clark, Fayetteville, Ark., for appellees.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ROSS, Circuit Judge.

Appellant Cathal L. Kegel, individually and as guardian for her incompetent husband, Louis G. Kegel, brought this action against Dr. Vincent B. Runnels (Dr. Runnels or appellee), St. Paul Fire and Marine Insurance Company (St. Paul or appellee), and the Washington Medical Center (Medical Center),[1] alleging negligence in the medical treatment of Mr. Kegel. Appellees sought and obtained summary judgment in their favor on the ground that a release signed by appellant barred this action. Appellant filed this timely appeal, contending that genuine issues of material fact exist concerning the validity of the release. We agree, and for the reasons set forth below, we reverse and remand the case for trial.

**FACTS**

On February 25, 1983 appellant's husband, Louis Kegel was injured while performing services for the Bella Vista Property Owners Association (Bella Vista). He was placed under the care of appellee, Dr. Runnels, who performed two surgical procedures on Mr. Kegel's head. The first operation was to the wrong side of Mr. Kegel's head. A second operation was performed the next day to the correct side of Mr. Kegel's head. After the operations Dr. Runnels told appellant that although Mr. Kegel was acting out of the ordinary, he would fully recover after a period of months or possibly a year or more.

Two weeks after the operations appellant was advised that Bella Vista's workers' compensation insurance carrier, St. Paul, was not making any payments on any of the hospital or medical expenses incurred by her husband. Appellant discussed this with Dr. Runnels who recommended to appellant that she contact attorney Bobby Odom (Odom) regarding any workers' compensation claims her husband might have.

Appellant retained Odom as her attorney to pursue a workers' compensation claim for her husband. Odom had a business relationship with Dr. Runnels which prevented Odom from pursuing any claim against Dr. Runnels.

On November 18, 1983 appellant was appointed, and continues today, as guardian of her husband and of his estate since he lacks the capacity to make his own decisions.

On behalf of the Kegels, Odom negotiated a proposed settlement with St. Paul which provided the workers' compensation insurance for Bella Vista, the liability insurance for the Medical Center and the malpractice insurance for Dr. Runnels. St. Paul offered to pay appellant $40,000 for all claims she and her husband might have against Bella Vista, the Medical Center and Dr. Runnels. In addition St. Paul offered to pay appellant's attorney Odom his statutory workers' compensation fee of $4,400, and to reimburse Medicare if a claim was made or to issue a hold harmless letter. Dr. Runnels also offered to waive his bill of $2,900.

On February 13, 1984 the Probate Court of Benton County, Arkansas approved the proposed settlement and authorized appellant to settle all claims and to sign a release of all claims against Bella Vista, St. Paul, the Medical Center and Dr. Runnels.

On February 27, 1984 a hearing was held before an administrative law judge (ALJ) of the Arkansas Workers' Compensation Commission on a joint petition for final adjudication of Mr. Kegel's workers' compensation claim against Bella Vista and its insurance carrier, St. Paul. Appellant testified that she was aware that the settlement ended any case at all against anybody on behalf of Louis Kegel. The ALJ orally approved the settlement of the workers' compensation claim and entered an order to that effect the next day.

---

1. The Medical Center was dismissed without prejudice from the action with the consent of appellant and is not a party to this appeal.

On the same day as the workers' compensation hearing, Mrs. Kegel executed a guardian's release of her husband's claims against Dr. Runnels, the Medical Center and St. Paul for $1.00 consideration. This is the release at issue in this case. The release was mentioned at the workers' compensation hearing but it is not specified in the Commission's order which pertained only to the claim against Bella Vista. St. Paul ultimately tendered a check for $20,-000 to appellant and a second check for $20,000 to the guardianship estate, both of which appellant cashed.

On February 25, 1985 appellant filed a malpractice action against Dr. Runnels and St. Paul who then sought summary judgment on the grounds that the February 27, 1984 release barred this action. Appellant opposed the motion contending that the release was invalid because she signed the release in reliance upon false statements made by Dr. Runnels, because she signed under a mistake of fact which was accompanied by appellees' inequitable conduct and because no consideration was paid for the release. Appellant submitted a nine-page affidavit, and other evidentiary materials in support of her claims.

Following its review of the record of the record the district court granted appellees' motion for summary judgment. The district court found in favor of Dr. Runnels and St. Paul based primarily on the transcript of appellant's testimony before the workers' compensation ALJ. The district court concluded that appellant failed to show that any factual dispute existed as to any inequitable conduct and that the documents clearly established otherwise. In addition the district court found that the alleged inadequacy of consideration did not rise to the level of a genuine issue of a material fact. As for appellant's claim of reliance on the erroneous opinion of Dr. Runnels the district court determined that in light of the circumstances, appellant relied upon her own judgment and not Dr.

Runnels' opinion. After deciding that appellees were entitled to summary judgment, the district court dismissed appellant's complaint.

On appeal [2] appellant argues that it was improper for the district court to decide as a matter of law that the release was valid because genuine issues of material fact exist concerning the circumstances under which appellant signed the release. Appellant contends that each of the three theories upon which she sought to avoid the release involve a factual dispute sufficient to preclude the grant of summary judgment. The alleged factual disputes concern whether she relied on the representations of Dr. Runnels when she signed the release, whether the consideration paid, if any, was adequate and whether she signed the release under a mistake of fact accompanied by appellees' inequitable conduct.

## DISCUSSION

This court's review of a grant of summary judgment under FED.R.CIV.P. 56 is governed by the same standard as that applied by the district court. *Elbe v. Yankton Independent School District No. 1*, 714 F.2d 848, 850 (8th Cir.1983). In reviewing the grant of a motion for summary judgment we are cognizant that the entry of summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir.1986); *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). Thus, the court must view the facts in the light most favorable to the opposing party and must give that party the benefit of all reasonable inferences to be drawn from the facts. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, — U.S. —, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *McCamley v. Moss*, 587 F.2d 391,

**2.** Subsequent to the filing and briefing of this appeal, appellant filed a motion for a remand for the purpose of presenting additional evidence to the district court. Because we remand this case for trial, the motion is moot and appellant is free to present this additional evidence at the appropriate time below.

394 (8th Cir.1978). Further, this court has noted on many occasions that summary judgment is an extreme remedy, and should not be entered unless the movant has established its right to a judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances. *Foster v. Johns-Manville Sales Corp., et al*, 787 F.2d 390, 392 (8th Cir.1986); *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980); *Weber v. Towner County*, 565 F.2d 1001, 1005 (8th Cir.1977).

Keeping in mind this strict standard of review applicable to a motion for summary judgment we turn to the instant case. In particular our attention is directed to appellant's argument that the release is not valid because at the time she signed the release she was relying on the erroneous opinion of Dr. Runnels that her husband would fully recover.[3]

This case, grounded on diversity of citizenship, is governed by Arkansas law, and the law with respect to the validity of such a release, as it relates to the reliance theory, is well settled in Arkansas. The Arkansas Supreme Court has repeatedly held that a release executed by an injured party relying upon the opinion of the physician of the party responsible for the injury, that the injury was slight and temporary and not permanent, is not binding upon the party making the release. *Chicago, Rock Island & Pacific Railroad Co. v. Mock*, 252 Ark. 44, 477 S.W.2d 465, 467 (1972); *Dixie Bauxite Co. v. Webb*, 187 Ark. 1024, 63 S.W.2d 634, 637 (1933); *St. Louis, I.M. & S. Ry. Co. v. Hambright*, 87 Ark. 614, 113 S.W. 803, 806–07 (1908). It follows then that a clear legal basis exists under Arkansas law to challenge the release on the ground that appellant, as guardian for her husband, relied upon the opinion of Dr. Runnels, the party allegedly responsible

for the enhanced injury, that the injury was not permanent. We turn now to the record to determine whether appellant presented sufficient specific facts, which when viewed in her favor, raise a genuine issue of material fact concerning her alleged reliance on the doctor's opinion.

The record on this point consists primarily of appellant's affidavit and her response to appellees' motion for summary judgment. In her response she merely avers that she signed the release in reliance upon false statements made by Dr. Runnels but in her affidavit she alleges a number of specific facts concerning Dr. Runnels' statements and her reliance on his opinion. Appellant stated in her affidavit that Dr. Runnels told her on a number of occasions that her husband's abnormal conduct could be expected for several months, a year or substantially more; that his type of injury frequently left the patient temporarily incompetent; that she believed what Dr. Runnels told her; that she solely and completely relied on Dr. Runnels' medical opinion. She further stated that she didn't learn until later [after signing the release] that her husband's incompetency was not temporary and was irreversible and that had she known his incompetency was permanent she never would have signed any release. This affidavit testimony clearly supports appellant's averment that she relied on Dr. Runnels' opinion when she signed the release.

We find no evidence in the record that appellees submitted any direct facts contesting appellant's averment that she relied on Dr. Runnels' opinion when she signed the release. Allegations in a pleading which are not contested by the moving party by evidentiary materials are assumed to be true. *Elbe, supra*, 714 F.2d at 850. Thus, we are bound, as was the district court,[4] to assume as true appellant's allega-

---

3. Because we are persuaded by appellant's argument on this point and we reverse the grant of summary judgment on the question of the validity of the release, we need not address her other contentions on appeal. Following remand ap-

pellant is free to further develop these other arguments at trial.

4. Instead of assuming that the allegation was true, the district court concluded that appellant was not justified in relying on Dr. Runnels' opinion in light of the fact that her husband's

tion that she relied on the false statements of Dr. Runnels when she signed the release. This allegation when assumed as true creates a genuine issue of material fact concerning the circumstances surrounding appellant's signing of the release which was adequate to survive a summary judgment motion. In sum we cannot say that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party" and that "there is no 'genuine issue of fact for trial.'" *Zenith, supra,* 106 S.Ct. at 1356.

Consequently we believe that the record in this case shows that appellees were not entitled to summary judgment on the question of the validity of the release. We do not decide the merits of the factual and legal issues that have developed or that may be developed in connection with the remand and we hold only that under Arkansas law the case presents factual issues that warrant a trial.

Accordingly we reverse the summary judgment in this case and remand to the district court for further proceedings consistent with this opinion.

condition had not improved, but worsened, in a year's time. We think this determination was prematurely made and is best left to the trier of fact after the record is developed further.