**In the Matter of Frank and Karen LOOMER, Debtors.**

**Richard J. BUTLER, Trustee, Plaintiff,**

**v.**

**BECTON, DICKINSON AND CO.; State Street Bank & Trust Co.; Frank and Karen Loomer, Defendants.**

**Bankruptcy No. BK93–40297.
Adv. No. A94–4040.**

United States Bankruptcy Court,
D. Nebraska.

July 8, 1996.

Michael W. Heavey, P.C., Papillion, NE, for Debtors.

Stephen H. Nelsen, Lincoln, NE, for Becton, Dickinson and Company and State Street Bank & Trust Company, Defendants.

Richard J. Butler, Trustee, Lincoln, NE.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this adversary proceeding, the Chapter 7 bankruptcy trustee ("Chapter 7 Trustee" or "Trustee") seeks to set aside prepetition transfers by debtor Frank Loomer ("debtor") into an ERISA-qualified plan. Before the court are cross motions for summary judgment, filed on behalf of defendants, Becton, Dickinson and Co. ("B.D. & Co.") and State Street Bank & Trust Co. ("State Street Bank") (together the "ERISA Plan Defendants"), and the Chapter 7 Trustee. Summary judgment is granted in favor of the ERISA Plan Defendants. The action remains pending against the debtors.

The Amended Complaint asserts six causes of action to avoid payments and contributions by debtor into an ERISA-qualified savings plan (the "ERISA Plan"). The first two causes of action allege that all funds on deposit in the debtor's ERISA Plan are nonexempt property of the estate and should be turned over to the Chapter 7 Trustee. The third and fourth causes of action allege that debtor made transfers into the ERISA Plan which are avoidable under Bankruptcy Code §§ 548, 544 and Nebraska's Uniform Fraudulent Transfer Act. The fifth count alleges these transfers are avoidable under Bankruptcy Code § 547, and the sixth count alleges the transfers are avoidable preferences under Nebraska's Uniform Fraudulent Transfers Act. Summary judgment is granted in favor of the ERISA Plan Defendants on all six counts. The Chapter 7 Trustee's Motion for Summary Judgment against the ERISA Plan Defendants is denied.

## FACTS

The debtor's employer, B.D. & Co., has an ERISA-qualified retirement savings plan (the ERISA Plan). State Street Bank is the ERISA Plan trustee. Under the terms of the ERISA Plan, employees are able to make two types of contributions to the ERISA Plan. First, employees may make contributions to their retirement ERISA Plan from their pre-tax income ("401(K) Contributions"). Second, employees may make contributions from after-tax income ("Savings Contributions"). Employees are allowed to borrow funds from the ERISA Plan. When an employee borrows funds, a third type of transfer to the ERISA Plan may arise, in the form of loan repayments ("Loan Repayments").

The ERISA Plan Defendants assert that debtor's interest in the ERISA Plan is not property of the bankruptcy estate. Second, they assert that debtor's transfers into the ERISA Plan are not avoidable as preferences or fraudulent conveyances. Finally, the ERISA Plan Defendants assert that, even if the transfers are avoidable, the ERISA Plan's restriction on alienation prevents the Chapter 7 Trustee from recovering funds from the ERISA Plan.

## LAW

### Summary Judgment

■ Summary judgment is properly granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R.BANKR.P. 7056(c) (1995). The court is to view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Kegel v. Runnels*, 793 F.2d 924, 926

(8th Cir.1986). When a motion for summary judgment is made and supported as provided in Bankruptcy Rule 7056, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. FED. R.BANKR.P. 7056(e) (1995).

*Bankruptcy Code § 550*

 If a transfer is avoidable under Bankruptcy Code §§ 544, 548, or 547, the remedy available to the Trustee is governed by section 550. Section 550 provides that the Trustee may recover for the benefit of the estate the property transferred or, if the court so orders, the value of such property, from (1) the initial transferee, (2) the immediate or any mediate transferee, or (3) the party for whose benefit the transfer was made. The Trustee thus has alternative remedies under section 550. If the ERISA restraints on alienation are enforceable, the Trustee may not recover from the transferee ERISA Plan. However, under section 550(a)(1), the Trustee may elect to recover the amount of an "avoidable transfer" from the party benefitting from the transfer. On the facts of this case, transfers into the ERISA Plan benefitted the debtor, and perhaps his co-debtor spouse. The ERISA restraint on alienation does not bar the Trustee's recovery from a debtor who benefitted from transfers into an ERISA Plan. ERISA restraints protect only the ERISA Plan and an employee's interest in the plan.

*ERISA Anti-alienation and Preemption*

 The ERISA statute preempts state laws which affect employee benefit plans. 29 U.S.C. § 1144(a); *Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc.,* 999 F.2d 298, 302 (8th Cir.1993), *cert. denied,* 510 U.S. 1045, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994). However, ERISA does not preempt other federal law.[1]

ERISA's anti-alienation provision states:

Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.

29 U.S.C. § 1056(d)(1). ERISA plan restrictions on alienation are broadly construed to protect employee interests in pension plans. *See Guidry v. Sheet Metal Workers Nat'l Pension Fund,* 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990) (prohibiting courts from carving out equitable exceptions to ERISA restrictions on alienation, and preventing recovery against pension plan by employer with embezzlement claim); *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (ERISA alienation restriction is enforceable under Bankruptcy Code § 541(c)(2) to prevent debtor's interest in pension fund from becoming property of the estate); *SEC v. Johnston,* 922 F.Supp. 1220 (E.D.Mich.1996) (ERISA plan funds exempt from disgorgement for securities fraud penalty).

## DISCUSSION

In the months preceding the bankruptcy petition, debtor made voluntary 401(K) and Savings Contributions to the ERISA Plan. In addition, debtor made several Loan Repayments on an outstanding loan from his ERISA Plan account. There is no allegation or evidence that the debtor's regular ERISA Plan contributions exceeded either ERISA or the Plan's restrictions. The Chapter 7 Trustee asserts that certain prebankruptcy 401(K) Contributions, Savings Contributions, and Loan Repayments by debtor to the ERISA Plan are avoidable as preferences or fraudulent conveyances.

*Counts 1 and 2—Property of the Estate and Exemption*

Counts 1 and 2 assert that the funds in the ERISA Plan are not reasonably necessary for the support of the debtors and are therefore not exempt under NEB.REV.STAT. § 25–1563 (Reissue 1989). Additionally, the Trustee asserts that, pursuant to Nebraska's exemption statute, all contributions made by

1. **(d) Alteration, amendment, modification, invalidation, impairment, or supersedure of any law of United States Prohibited**
 Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, im-

pair, or supersede any law of the United States (except as provided in sections 1031 and 1137(b) of this title) or any rule or regulation issued under any such law.
29 U.S.C.A. § 1144(d).

debtor to the ERISA Plan within two years of the bankruptcy filing are not exempt and should be turned over to the Trustee.[2]

This argument confuses the legal issues. Under 11 U.S.C. § 541(a), an estate is created upon the commencement of a bankruptcy case, which is comprised of all legal or equitable interests of the debtor. Property of the estate includes exempt property. However, "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2); *Patterson v. Shumate*, 504 U.S. 753, 759, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992). In *Patterson*, the Supreme Court held that the ERISA restriction on alienation constitutes an enforceable restriction under "applicable nonbankruptcy law" for purposes of 11 U.S.C. § 541(c)(2), so that a debtor's beneficial interest in an ERISA plan is excepted from becoming part of the bankruptcy estate. Since the ERISA Plan is excluded from the estate, it may not be administered by the Trustee and the Trustee has no authority over it.

██ I conclude, as set forth below, that the debtor's transfers of funds into the ERISA Plan may not be recovered from the ERISA Plan under 11 U.S.C. § 550 because of 11 U.S.C. § 541(c)(2)'s enforcement of the anti-alienation provision of 29 U.S.C. § 1056(d)(1). Therefore the ERISA Plan transfers will not be drawn back into the bankruptcy estate under Bankruptcy Code § 541(a)(3), and the exemption question is not reached. *See In re Holst*, 192 B.R. 194, 200 (Bankr.N.D.Iowa 1996) (concluding debtor's interest in ERISA plan is excluded from the estate under 11 U.S.C. § 541(c)(2), thus exemption issue was irrelevant).

Summary judgment shall be granted in favor of the ERISA Plan Defendants on Count 1 and Count 2. Even if the ERISA Plan is not exempt property, 11 U.S.C. § 541(c)(2) prevents the Trustee from drawing the debtor's interest in the ERISA Plan into the bankruptcy estate.

*Counts 3 through 6—Fraudulent Conveyances and Preferences*

██ The Trustee asserts that debtor's transfers into the ERISA Plan were fraudulent conveyances avoidable under Bankruptcy Code § 544 (invoking Nebraska UFTA § 36–705, and § 36–706), or Bankruptcy Code § 548, alternatively. Counts 5 and 6 assert preference actions under Bankruptcy Code § 547. If we assume, for the sake of discussion, that the Trustee is correct on the merits and that at least some of the transfers are avoidable, the critical question is whether the Trustee may *recover* any avoidable transfer from the transferee ERISA Plan Defendants under Bankruptcy Code § 550, in light of the ERISA restriction on alienation. Bankruptcy Code § 541(c)(2) makes an ERISA restriction on alienation enforceable in bankruptcy to the same extent it is enforceable under nonbankruptcy law. In order to recover from the Plan Defendants, the Trustee must demonstrate that, on the facts of this case, a claim asserted against the ERISA Plan under Nebraska law could be reduced to judgment and enforced against the ERISA Plan notwithstanding the ERISA restraints on alienation.

██ The only nonbankruptcy law basis for avoidance asserted by the Trustee is under state fraudulent conveyance law. Nebraska has adopted the Uniform Fraudulent Transfer Act. If we assume, arguendo, that transfers into the ERISA Plan are avoidable under state law, Nebraska UFTA § 36–705 and § 36–706, the issue becomes whether the ERISA Plan restraints on alienation are enforceable to preclude a judgment creditor

---

**2.** Nebraska has opted out of the federal exemption scheme as permitted under Bankruptcy Code § 522(b)(1). The Trustee relies on Nebraska's exemption statute § 25–1563.01, which states, in relevant part:

[T]he following benefits shall be exempt from attachment, garnishment, or other legal or equitable process ...: To the extent reasonably necessary for the support of the debtor and any dependent of the debtor, an interest held under a stock bonus, pension, profit-sharing, or similar plan or contract payable on account of illness, disability, death, age, or length of service unless:
(1) Within two years prior to bankruptcy ... such plan or contract was established or was amended ... by or under the auspices of the individual or of an insider....

NEB.REV.STAT. § 25–1563.01 (Reissue 1995).

from enforcing its judgment against the ERISA Plan by way of levy or execution. I conclude that under the Supreme Court's decisions in *Guidry* and *Patterson*, the ERISA restraint on alienation is enforceable, and a state UFTA judgment creditor could not reach the assets in the ERISA Plan. Since the ERISA restraint on alienation prevents recovery, and thus "is enforceable under applicable nonbankruptcy law," the restraint on alienation is enforceable in this bankruptcy case and avoidable transfers may not be recovered from the ERISA Plan.

The Trustee's assertion that the ERISA statute and Bankruptcy Code avoiding powers are in conflict and that the Bankruptcy Code should control, is without merit. Bankruptcy Code § 541(c)(2) explicitly reconciles the two bodies of laws by providing that the ERISA restraint on alienation is enforceable in a bankruptcy case if it is enforceable under nonbankruptcy law.

■ The Supreme Court, in *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376–77, 110 S.Ct. 680, 687–88, 107 L.Ed.2d 782 (1990), states that ERISA plan anti-alienation provisions are to be strictly enforced. Courts are forbidden from carving out exceptions to the ERISA alienation restriction. *Id.* at 376, 110 S.Ct. at 687. Thus, even if the debtor's acts in this case were motivated by an actual intent to hinder, delay or defraud creditors, or were preferential as to other creditors, such acts would not justify an exception to the *Guidry* Court's prohibition.[3] The restriction on alienation has been upheld even in the case of fraud, *see SEC v. Johnston*, 922 F.Supp. 1220 (E.D.Mich.1996), and "reflects a considered congressional policy choice, a decision to safeguard a stream of income for pensioners (and their dependents, who may be, and per-

haps usually are, blameless), even if that decision prevents others from securing relief for the wrongs done to them." *Guidry*, at 376, 110 S.Ct. at 688. If any exceptions to this policy are to be made, the *Guidry* Court instructs "it is for Congress to undertake that task."[4] *Id.* Under such a clear directive from the Supreme Court forbidding judicially carved out exceptions to the ERISA restraint, I conclude that the restraint on alienation would prevent recovery from an ERISA Plan in a nonbankruptcy case involving fraudulent and preferential transfers. Therefore, even if the transfers into the ERISA Plan are avoidable under the Nebraska UFTA, the ERISA anti-alienation provisions preclude recovery from the ERISA Plan. Under Bankruptcy Code § 541(c)(2) ERISA's restraint on alienation is also enforceable in a bankruptcy case to bar recovery from the ERISA Plan Defendants. In short, the restraint on alienation is enforceable in this bankruptcy case and prevents recovery from the ERISA Plan.

My conclusions are consistent with the Supreme Court's reasoning in *Guidry* concerning ERISA's interaction with other federal laws. In *Guidry*, the respondent argued the remedial provisions of the Labor–Management Reporting and Disclosure Act should prevail over the ERISA anti-alienation restraint, based on 29 U.S.C. § 1144(d). *Guidry*, 493 U.S. at 375–76, 110 S.Ct. at 686–87. The Court disagreed, stating:

> Were we to accept respondents' position, ERISA's anti-alienation provision would be inapplicable whenever a judgment creditor relied on the remedial provisions of a federal statute. Such an approach would eviscerate the protections of [the anti-alienation provision] and we decline to adopt so broad a reading of [29 U.S.C. § 1144(d) ].... We do not believe that congressional intent would be effectuated

---

**3.** In comparison to the facts before me in this case, the facts in the *Guidry* case were especially egregious. In *Guidry*, a union official embezzled union funds, and the union attempted to recover against the official's union pension fund. The *Guidry* Court's unanimous decision refusing to uphold an exception under those circumstances persuades me that the alienation restriction should be enforced in this case.

**4.** Indeed, Congress has enacted exceptions to the alienation restriction which provide relief to

three types of creditors: 29 U.S.C. § 1056(d)(2) allows a ten percent voluntary and revocable assignment to creditors of benefit payments; 29 U.S.C. § 1056(d)(3) permits assignment under a qualified domestic relations order; and 29 U.S.C. § 1109(a) provides relief where the claim arises from a breach of a fiduciary duty to a pension fund, *see Coar v. Kazimir*, 990 F.2d 1413 (3d Cir.1993), *cert. denied*, 510 U.S. 862, 114 S.Ct. 179, 126 L.Ed.2d 138 (1993).

by reading the LMRDA's general reference to "other appropriate relief" as overriding an express, specific congressional directive that pension benefits not be subject to assignment or alienation. In our view, the two statutes are more persuasively reconciled by holding that the LMRDA determines what sort of *judgment* the aggrieved party may obtain, while ERISA governs the narrow question whether that judgment may be collected through a particular means—[collection from] *the pension.*

*Id.*

The Bankruptcy Code may be similarly reconciled with ERISA's restriction, so as to give full force to both statutes. In other words, the Bankruptcy Code, in sections 544, 547, and 548, prescribes which types of transfers are avoidable, while other provisions of the Bankruptcy Code determine from which parties an avoided transfer may be recovered. Bankruptcy Code § 550 provides that an avoided transfer may be recovered from a transferee or the party benefitted by the transfer. However, Bankruptcy Code § 541(c)(2) (by invoking 29 U.S.C. § 1056(d)) provides that an avoided transfer may not be recovered from an ERISA plan. Thus, under Bankruptcy Code § 541(c)(2) any transfer found to be avoidable in this action may not be recovered from the debtor's ERISA Plan. *See In re Shailam,* 144 B.R. 626 (Bankr.N.D.N.Y.1992). However, if the Trustee is able to show the transfers are avoidable, under Bankruptcy Code § 550(a)(1) the Trustee may still recover from any party who benefitted from the transfers. The debtors are named as defendants in this action, and to the extent that the debtor or his co-debtor wife benefitted from any avoidable transfers, the Trustee may obtain a judgment against them which is enforceable against any non-ERISA Plan, non-exempt assets.

Summary judgment shall therefore be entered in favor of the ERISA Plan Defendants, Becton, Dickinson and Co. and State Street Bank & Trust Co.

■ The Chapter 7 Trustee makes several other equitable arguments against enforcement of the ERISA restriction on alienation in this case. First, the Trustee asserts that

enforcement of the restriction would violate the longstanding common law rule against self-settled spendthrift trusts. From a policy standpoint, there is some merit to the Trustee's argument. But, Congress has considered the policy question and the statutory provisions of ERISA clearly override common law principles which deny enforcement of such self-settled spendthrift trusts. The Supreme Court's decision in *Guidry* makes clear that pension funds are not to be garnished, and equitable exceptions are not to be carved out by the courts. The relief the Chapter 7 Trustee requests would not be available outside of bankruptcy, and it would be inappropriate to override the ERISA restraint to provide creditors relief in bankruptcy. Such a result would invite creditors to push debtors into involuntary bankruptcy in order to reach ERISA fund deposits. *Patterson v. Shumate,* 504 U.S. at 764, 112 S.Ct. at 2249 ("Declining to recognize any exceptions to [the restraint on alienation] *within* the bankruptcy context minimizes the possibility that creditors will engage in strategic manipulation of the bankruptcy laws in order to gain access to otherwise inaccessible funds."). Nor should creditors receive a benefit by reason of an honest debtor's voluntary bankruptcy. *Id.; see also In re Baker,* 195 B.R. 386, 395 (Bankr.N.D.Ill.1996). Finally, my ruling is also in concert with the *Patterson v. Shumate* Court's concern for uniform national treatment of ERISA benefits, so that a debtor's benefits "be governed by ERISA, and not left to the vagaries of state spendthrift law." *Patterson,* at 765, 112 S.Ct. at 2250. The Trustee's arguments would lead to the opposite result—subjecting pension funds to disparate state laws and judicial decisions.

■ The Trustee argues that the ERISA statute protects only pension benefits and not contributions, which may be disgorged. The Trustee presents no authority for this distinction. Excepting contributions from the protection of the statute would undercut the entire ERISA statutory scheme. This interpretation would subject all ERISA Plan deposits to creditor garnishment, effectively wiping out protection of plan benefits, as disgorging contributions would deplete the principal and ultimately diminish the benefits available for distribution under the Plan.

This would circumvent congressional intent to protect pension funds from the reach of creditors. *See Guidry,* at 376, 110 S.Ct. at 687; *FDIC v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 1992 WL 204380 at *2 (S.D.N.Y.1992) (rejecting benefit/contribution distinction); *see also In re Holst,* 192 B.R. 194, 199–200 (Bankr.N.D.Iowa 1996) (protecting rollover contribution to ERISA plan); *Ellis National Bank v. Irving Trust Co.,* 786 F.2d 466 (2d Cir.1986) (anti-alienation provision prohibited employer from reclaiming contributions to ERISA plan). Further, the ERISA Plan's anti-alienation provisions themselves discourage such an interpretation. The Plan's alienation restriction, set forth at paragraph 13.4, provides that "no benefit payable at any time under this Plan shall be subject in any manner to alienation ... of any kind." (Ex. B at p. 65.) Contributions into the ERISA Plan become benefits payable in the future, and thus are subject to the restriction. Moreover, paragraph 13.4 of the Plan also states:

> Neither any benefit, nor the Trust Fund shall, in any manner, be liable for or subject to the debts or liability of any employee included in this Plan or any beneficiary.

(Ex. B at p. 65.) The debtor's Contributions, when made, became part of the Trust Fund,[5] and as such, are protected by the Plan's restriction on alienation. The Trustee does not assert that the debtor's Contributions and Loan Repayments were not permitted under the Plan. Thus, once the Contributions were deposited into the Trust Fund, they gained the protection of the alienation restraint.

■■■ The Trustee asserts that enforcement of the restriction will lead to abuse, encouraging debtors to make large contributions on the eve of a bankruptcy filing. The Trustee's arguments do not persuade me to override the *Guidry* prohibition. First, statutory provisions provide some safeguards against abuse. The Internal Revenue Code sets limits for ERISA plan contributions, and pre-bankruptcy contributions are subject to this limit. *See* 26 U.S.C. § 415(c). Indeed, the debtor's ERISA Plan limits the maximum contribution of each participant to 16% of salary in any given year. (Ex. A at 4–5; Ex. B at 13–14.) To the extent that the contribution limit is exceeded, the contribution would be void. Void contributions are not protected by the alienation restraint and may be disgorged from the Plan. *See In re Bell & Beckwith,* 5 F.3d 150 (6th Cir.1993), *cert. denied,* 510 U.S. 1114, 114 S.Ct. 1060, 127 L.Ed.2d 380 (1994); *see also Tompkins County Trust Co. v. Gowin,* 163 Misc.2d 418, 621 N.Y.S.2d 476 (N.Y.Sup.Ct.1994) ($100,000 contribution on eve of trial constituted non-Plan deposit and could be disgorged by defrauded creditor). And, where an ERISA account is set up under fraudulent conditions, the funds in the account may be recovered under the federal common law theory that fraud in the inducement allows rescission of the contract. *See Nash v. Trustees of Boston University,* 946 F.2d 960 (1st Cir.1991).

Further, other bankruptcy relief may exist. A situation where debtor makes large contributions or loan repayments to a pension plan on the eve of filing is not unlike cases where debtors convert nonexempt assets into exempt assets on the eve of filing. In egregious situations, an adversary proceeding could be filed seeking to deny discharge or dismiss the case for substantial abuse. *See* Bankruptcy Code §§ 707, 727.

The Trustee argues that strict enforcement of the anti-alienation provision would enable debtors to shield stolen funds in an ERISA plan. Those facts are not before the court.

■■■ Next, the Chapter 7 Trustee points out that debtor has the ability to access funds from the ERISA Plan through loans, and indeed, it appears debtor has borrowed significant amounts from the ERISA Plan post-petition. Access or control of funds in a qualified ERISA plan does not defeat either the statutory alienation prohibition, or Bankruptcy Code § 541(c)(2)'s exclusion from property of the estate. *See In re Shailam,* 144 B.R. 626 (Bankr.N.D.N.Y. 1992). "Once the plan is determined to be ERISA-qualified, the inquiry is finished." *In*

---

5. Contributions to the Plan are be invested among five different types of investment funds which, in the aggregate, make up the "Trust Fund." (Ex. B, ¶ 5.1.) "Trust Fund" is defined at paragraph 1.58 as "the aggregate of funds held by the Trustee under this Plan." (Ex. B, ¶ 1.58.)

*re Baker,* 195 B.R. at 391. Even if the debtor has the ability to withdraw contributions, the ERISA Plan does not lose its ERISA-qualified status. The restriction on alienation remains enforceable and the ERISA Plan is still excluded from the estate. *Id.; see also In re Holst,* 192 B.R. 194, 199–200 (Bankr.N.D.Iowa 1996) and cases cited therein.

The result here may be unpalatable, but the statute is clear, and the Supreme Court directs a strict application of the anti-alienation provision to protect not only the wrongdoer, but also the innocent beneficiaries of the pension. *Guidry,* 493 U.S. at 376, 110 S.Ct. at 687. The statute reflects a congressional policy choice, and as the *Guidry* Court states, any change must come from Congress. Finally, enforcing the ERISA restriction also preserves the protections granted ERISA funds in bankruptcy under *Patterson.*

A separate order will be entered granting the motion for summary judgment filed on behalf of Plan Defendants, Becton, Dickinson and Co. and State Street Bank & Trust Co.