In the Matter of Robert L. SIEMERS and Betty Joan Siemers, Debtor.

Robert L. Siemers and Betty Joan Siemers, Plaintiffs,

v.

AG Services of America, Inc., Defendant.

Bankruptcy No. BK99–41121.
Adversary No. A99–4078.

United States Bankruptcy Court, D. Nebraska.

April 26, 2000.

206

W. Eric Wood, Omaha, NE, for Robert L. Siemers and Betty Joan Siemers, Debtors/Plaintiffs.

David H. Fisher, Hastings, NE, for AG Services of America, Inc., Defendant.

### MEMORANDUM

JOHN C. MINAHAN, Bankruptcy Judge.

Before the Court is a Motion for Summary Judgment by which the bankruptcy debtor seeks to avoid a security interest in crops which were planted before this bankruptcy case was commenced. I conclude that the pre-petition transfer of a security interest in growing crops constitutes an avoidable preference under Bankruptcy Code § 547.

### FINDINGS OF FACT

Ag Services of America ("ASA") holds a duly perfected security interest in the debtor's growing crops. The debtor filed this adversary proceeding to avoid ASA's security interest on the theory that the transfer of the security interest in the growing crops to ASA is an avoidable preferential transfer under Bankruptcy Code § 547. The matter is before the Court on the debtor's motion for summary judgment.

### LAW

Summary judgment should be entered if there is no genuine issue as to any material fact, and the facts establish that the moving party is entitled to judgment as a matter of law. *See* FED. R. BANKR. P. 7056(c). *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir.1986). When a motion for summary judgment is made and supported as provided in Bankruptcy Rule 7056, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. FED. R. BANKR. P. 7056(e).

Whether or not a transfer constitutes an avoidable preference is governed by 11 U.S.C. §§ 547 and 550.

## DISCUSSION

■ The undisputed facts establish that all the requirements of § 547(b) are met. Under the terms of a security agreement containing an "after acquired property clause," an interest in the debtor's growing crop was transferred to ASA. *See* § 547(b). ASA was a creditor of the debtor at the time the transfer was deemed made. *See* § 547(b)(1). The transfer secured a pre-existing debt, and ASA extended no new value in connection with obtaining the security interest. *See* § 547(b)(2). The debtor is presumed insolvent during the 90 days before the commencement of this case. 11 U.S.C. §§ 547(b)(3), 547(f).

The transfer to ASA of a security interest in the growing crop enabled ASA to receive more than it would have been paid if the transfer had not been made and ASA received payment on its claim in a Chapter 7 case. *See* § 547(b)(5). The bankruptcy debtor was insolvent at the time this bankruptcy case was commenced. In a Chapter 7 case, unsecured creditors would have received a dividend of substantially less than 100% of their claims. There is approximately $18,500 of equity in the debtor's crop. ASA holds an allowed secured claim of $18,500 in this Chapter 12 case by virtue of the pre-petition transfer of the security interest, and ASA will be paid $18,500 in full by virtue of its allowed secured claim in this Chapter 12 case. If the transfer of the security interest in the crop had not been made, ASA's allowed secured claim would be $18,500 less in amount. Had this been a Chapter 7 case and the transfer not been made, the $18,500 equity in the crop would have been divided among all unsecured creditors, including ASA, on a pro rata basis. The requirements of § 547(b)(5) are met because the transfer of a security interest in the growing crop enabled ASA to be paid $18,500 on its allowed secured claim in this Chapter 12 case, whereas, in a Chapter 7 case, ASA would be paid only its pro rata share of the $18,500.

■ The only remaining issue is whether the transfer of the security interest in debtor's crop took place within the 90 days preceding the filing of this bankruptcy case. *See* § 547(b)(4). Federal law controls in the determination of when a transfer is deemed to have taken place for purposes of 11 U.S.C. § 547. Under § 547(e)(2), a transfer is deemed made at the time the transfer is perfected. Under § 547(e)(1)(B), a transfer of an interest in property other than real property is perfected when "... a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee."

■ For purposes of § 547, the transfer of the security interest in the 1999 crop is deemed to have taken place when a creditor, levying upon the crop, could not obtain rights senior in priority to ASA. The priority between a security interest and a judicial lien is governed by applicable non-bankruptcy law. Under Nebraska Uniform Commercial Code § 9–301(1)(b), an unperfected security interest is junior in priority to the rights of a lien creditor. NEB.REV.STAT.U.C.C. § 9–301(1)(b). A security interest is not perfected under Nebraska law until it attaches, and a security interest cannot attach until, among other things, the debtor has rights in the collateral. *See* NEB.REV.STAT.U.C.C. §§ 9–203(1); 9–303.

Under Nebraska U.C.C. § 9–203(5)(a), a debtor does not have rights in growing crops until they are planted. NEB.REV.STAT.U.C.C. § 9–203(5)(a). Therefore, until the crops were planted, ASA did not hold a perfected security interest and, under Nebraska law, the interest of ASA in the crop was junior in priority to the interest of a hypothetical lien creditor. For purposes of § 547, the transfer of the security interest in the crop to ASA is deemed to have taken place for purposes of § 547 when the crop was planted and this occurred within the 90 days preceding commencement of this case.

Plaintiffs' 1999 crops were planted between April 20 and June 15, 1999. The 90 day preference period in this bankruptcy commenced and includes March 11, 1999. The requirement of § 547(b)(4) is met because the crop was planted after the 90 day preference period began.

The transfer of the interest in Plaintiffs' 1999 crops to ASA is avoidable as a preference.

■ In closing, I emphasize that it has been clear since the enactment of Bankruptcy Code and 11 U.S.C. § 547(e)(3), that as a matter of federal law, a transfer is not deemed made until the debtor has acquired rights in the property transferred. On the facts of this case, this simply means that the transfer of the security interest in the crop to ASA cannot be deemed made earlier than the date on which the debtor acquired rights in the crop. Subsection 547(e)(3) of the Bankruptcy Code overrules such cases as *Grain Merchants of Indiana, Inc. v. Union Bank & Sav. Co., Bellevue, Ohio,* 408 F.2d 209 (7th Cir.1969), *cert. denied, France v. Union Bank & Savings Co.,* 396 U.S. 827, 90 S.Ct. 75, 24 L.Ed.2d 78 (1969), which had concluded that for purposes of bankruptcy preference avoidance, a transfer of certain security interests in after acquired property took place not at the time of perfection but, rather, at the time a security interest was *granted,* which often took place long before commencement of the 90 day preference period!

The motion for summary judgment is granted. A separate judgment will be entered consistent herewith.