893 F.2d 172
 Sharon McCUEN and Gloria Kirkpatrick by her mother, next
friend and legal guardian Sharon McCuen, Appellants,
v.
POLK COUNTY, IOWA; Jeanine Gazzo, Ray Blase and Candice
Bennett, Appellees.
 No. 88-2667.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 15, 1989.
Decided Jan. 4, 1990.
 
 Edward McConnell, W. Des Moines, Iowa, for appellants.
 Mary Vavroch, Des Moines, Iowa, for appellees.
 Before McMILLIAN and BOWMAN, Circuit Judges, and DUMBAULD,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Sharon McCuen, mother of five-year-old Gloria Kirkpatrick, brought a 42 U.S.C. Sec. 1983 (1982) action, for herself and as next friend to Gloria, seeking damages for denial of their rights as a result of ex parte orders temporarily removing Gloria from the home. The District Court[1] granted summary judgment for all defendants. Pendent emotional distress claims were dismissed for lack of jurisdiction. We affirm.
 
 
 2
 On June 8, 1985, McCuen took her daughter to the hospital for treatment of injuries Gloria claimed she suffered in a fall at a neighbor's house. The examining physician believed that the injuries were the result of sexual abuse and for Gloria's protection admitted her to the hospital. Upon reviewing the evidence acquired during investigation of the incident, defendant Candice Bennett, the Polk County, Iowa, juvenile court officer on the case, became convinced that the abuser was Gloria's great uncle, David Kirkpatrick, then living at Gloria's home. Bennett sought and obtained, in accordance with Iowa law, an ex parte order temporarily placing Gloria in the custody of the Iowa Department of Human Services, Foster Care Division, on June 11, 1985. Following an evidentiary hearing before a juvenile court referee, the temporary removal was terminated and Gloria was returned to the McCuen home on June 27, 1989, with the proviso that there be no contact between Gloria and David Kirkpatrick. Believing that Gloria was still in danger, defendants Ray Blase, assistant Polk County attorney, and Jeanine Gazzo, a private attorney appointed as Gloria's guardian ad litem by the juvenile court, obtained a second ex parte order staying the referee's decision and they removed Gloria from the home the same day she was returned. At a hearing on July 5, 1985, Judge Hanrahan of the Polk County juvenile court found that David Kirkpatrick was no longer living in the McCuen home and ordered Gloria returned to the custody of her mother. This lawsuit followed.
 
 
 3
 We review a district court's grant of a motion for summary judgment under the same standard applied by the district court. Kegel v. Runnels, 793 F.2d 924, 926 (8th Cir.1986). That is, we must agree that there is no genuine issue of material fact, viewing the facts in the light most favorable to the non-moving party, and that the moving party is entitled to judgment as a matter of law. Id.
 
 
 4
 Defendant Polk County is subject to liability under section 1983 only if the alleged constitutional deprivation is the result of an official policy of the county. City of St. Louis v. Praprotnik, 485 U.S. 112, 121, 108 S.Ct. 915, 922-23, 99 L.Ed.2d 107 (1988) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978)). McCuen alleged that the second ex parte order was the result of a decision to follow a policy of the county regarding such orders. The District Court carefully reviewed the evidence adduced and found nothing to support the claim that defendants acted in accordance with official policy. We agree and affirm the court's grant of the motion for summary judgment in Polk County's favor.
 
 
 5
 The District Court granted the motion for summary judgment of defendant Candice Bennett, the juvenile court intake officer assigned to this case, based on the affirmative defense of absolute immunity. The court found that Bennett's role as a child protection worker was functionally comparable to the role of a prosecutor and that, since she was acting within the scope of those duties, she was entitled to absolute immunity. See Butz v. Economou, 438 U.S. 478, 515, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895 (1978) (any official performing functions similar to those of prosecutor is entitled to absolute immunity with respect to those acts). As an alternative holding, the court found that Bennett would be entitled to good faith qualified immunity in any event. See Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038-39, 97 L.Ed.2d 523 (1987) (qualified immunity from personal liability may be extended to official after review of "objective legal reasonableness" of official's conduct in light of then "clearly established law"). Although we do not reach the absolute immunity issue, we agree that Bennett was entitled at least to qualified immunity, and we therefore affirm the court's grant of summary judgment in Bennett's favor.
 
 
 6
 The motion for summary judgment of defendant Ray Blase, assistant county attorney, was granted because he has absolute immunity from liability for his actions in this case. See Imbler v. Pachtman, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutor is entitled to common law absolute immunity in section 1983 cases). The court found as a matter of law that McCuen had made an insufficient showing that Blase acted outside the scope of his prosecutorial authority in his participation in the case. We agree and affirm the District Court's grant of summary judgment in Blase's favor.
 
 
 7
 Finally, the court granted the motion for summary judgment of defendant Jeanine Gazzo, Gloria's guardian ad litem. The District Court concluded that Gazzo was entitled to qualified immunity for her role in Gloria's temporary removal from the home, since Gazzo's actions were for Gloria's protection and no evidence was adduced to show that these actions were unreasonable in light of the information of which Gazzo was aware. See Anderson, 483 U.S. at 640, 107 S.Ct. at 3039 ("The contours of the right [alleged to have been violated] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."). We affirm, but we believe that this Court's opinion in Myers v. Morris entitles Gazzo to absolute immunity from liability. 810 F.2d 1437 (8th Cir.), cert. denied, 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987). "We think the [absolute] immunity [to which guardians ad litem, inter alia, are entitled] extends beyond oral testimony to providing their reports and recommendations to the family court." Id. at 1466. Gazzo's role in helping to prepare and in signing the motion for an order to stay proceedings were, in our judgment, absolutely protected actions.
 
 
 8
 Having reviewed the District Court's thorough and well-reasoned order and finding no reason for reversal, we affirm the judgment of that court.
 
 
 
 *
 The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa