**Leo HEIDEMAN and Shirley Heideman, Appellants,**

**v.**

**PFL, INC., Appellee.**

**No. 89–1645.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1990.

Decided June 5, 1990.

Rehearing and Rehearing En Banc Denied July 31, 1990.

Dennis E. Egan, Kansas City, Mo., for appellants.

John F. Wymer, III, Atlanta, Ga., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and STROM,* District Judge.

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

1. The late Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri.

BOWMAN, Circuit Judge.

Leo and Shirley Heideman appeal from an order of the District Court[1] granting summary judgment in favor of PFL, Inc., on the Heidemans' age discrimination claims relating to Leo Heideman's discharge by his employer PFL. *Heideman v. PFL, Inc.*, 710 F.Supp. 711 (W.D.Mo. 1989). We affirm.

Leo Heideman, who was born in 1926, was employed by PFL,[2] a wholesale food distributor headquartered in Duluth, Minnesota, from 1964 until his discharge in 1979. During most of that time, his office was in his home in Kansas City. Late in 1978, at which time Heideman held the position of vice president of sales for the central division, he was informed by Carl Hill, PFL's senior vice president of marketing and sales, that, if he wished to stay with the company, he would have to take a demotion to the position of regional manager and immediately relocate to Memphis, Tennessee. His salary would not be cut. Heideman agreed, and was replaced by Ed Korkki, born in 1940. On June 1, 1979, soon after he moved permanently to Memphis, Heideman was fired. John Parr, the company's vice president of sales, told Heideman that he did not fit Carl Hill's plans. Heideman, dissatisfied with that explanation, wanted someone at PFL to tell him why he was fired. He attempted unsuccessfully to contact company executives, seeking clarification. He visited the offices of the National Labor Relations Board (NLRB) in Memphis, where he says he was told the company did not have to give him a reason for termination. Heideman claims that he was not told of the protection afforded employees over forty years old under the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621–634. He also met with a Memphis lawyer, whose name

2. At various times pertinent to this litigation, PFL's corporate name also has been Northland Foods, Inc., and Jeno's, Inc.

Heideman does not recall. The lawyer confirmed that the law did not require PFL to give Heideman a reason for discharge. The lawyer offered to pursue the matter, but Heideman declined because of the cost. Heideman received a letter dated June 12, 1979, from Jeno Palucci, chairman of the board of PFL, intimating that Heideman was fired because he had not worked hard enough. Heideman's pursuit of the truth ended there.

On August 29, 1986, having returned to Kansas City to live, Heideman received by mail a copy of a PFL memorandum dated December 21, 1978, a date just prior to his demotion. It was sent to him by Larry Williams, a former PFL employee who had successfully settled an age discrimination suit against PFL. This "smoking gun" memorandum, from Carl Hill to Dick Jones, president of PFL, described a policy designed to rid the company of older managers and articulated the characteristics that made such employees a liability to the company. It included a handwritten instruction (author not established) to "Read and destroy."

On September 5, 1986, Heideman filed a charge of age discrimination against PFL with the Equal Employment Opportunity Commission (EEOC). On November 25, 1987, the Heidemans filed suit in Jackson County, Missouri, Circuit Court. PFL removed the case to federal court.

The Heidemans' complaint sounded in five counts: one count each under the ADEA and the Employee Retirement Income Security Act (ERISA), and three state common law counts—fraud, intentional infliction of emotional distress, and Mrs. Heideman's claim for loss of consortium. The District Court, on motion of PFL, granted summary judgment in favor of the company on all counts. The court found that the Heidemans had failed to file the ADEA charge with the EEOC, and the lawsuit on the remaining counts, within the applicable statutes of limitations. The District Court also determined that equitable tolling to extend the limitations periods was inappropriate in this case. Although PFL's conduct toward Heideman and other older employees appears to have been egregious, we find no error in the conclusions of the District Court.

The parties do not agree on the correct standard of review in this case. In connection with that difference of opinion, we have before us appellants' motion to strike, filed after oral argument, which we agreed to take with the case.

On February 15, 1990, one day before oral argument in this case, PFL submitted what it called a "supplemental letter brief." PFL indicated that it had misstated the applicable standard of appellate review in its main brief and suggested what it believes is the proper standard. On March 21, 1990, counsel for the Heidemans moved to strike that letter and asked us not to consider it. The unusual contention, in essence, is that PFL's supplemental argument was neither raised nor considered below, so it should not be considered on appeal absent extraordinary circumstances. To our knowledge, no appellate court requires issues concerning its own standard of review to be raised in the trial court, and we find the suggestion that this is necessary to be entirely without merit. Appellants' motion is denied.

■ We are not persuaded, however, by the argument PFL makes in its supplemental brief. We review the grant of a motion for summary judgment under the same standard applied by the district court. *McCuen v. Polk County, Iowa*, 893 F.2d 172, 173 (8th Cir.1990) (citing *Kegel v. Runnels*, 793 F.2d 924, 926 (8th Cir.1986)); *Elbe v. Yankton Indep. School Dist. No. 1*, 714 F.2d 848, 850 (8th Cir.1983); *see* Fed.R. Civ.P. 56(c). To affirm the district court "we must agree that there is no genuine issue of material fact, viewing the facts in the light most favorable to the non-moving party, and that the moving party is entitled to judgment as a matter of law." *McCuen*, 893 F.2d at 173.

PFL's argument is that we should view the District Court proceeding in this case not as a hearing on a motion for summary judgment but as a trial on the factual issues of equitable tolling. *See Hrzenak v. White–Westinghouse Appliance Co.*, 682 F.2d 714, 718 (8th Cir.1982). If we were to

do so, we could not reverse unless we found the District Court's fact-finding to be clearly erroneous. *Id.* In *Hrzenak,* however, the authority upon which PFL bases its argument, this Court found that "both parties treated the proceeding as a trial on the factual issues underlying [appellant's] claim for equitable tolling." *Id.* That is not the situation here. The fact that the parties here stipulated that depositions should be regarded as personal testimony under oath does not, as PFL suggests, convert argument on the summary judgment motion into a trial. At the oral argument of this appeal, counsel for the Heidemans emphasized that it was not his intent to waive jury trial on the issue of equitable tolling by defending against PFL's summary judgment motion, and there is nothing in the record to persuade us otherwise. We therefore will review this matter under the same summary judgment standard that the District Court used in reaching its decision.

In its order, the District Court made a thorough review of recent Supreme Court decisions dealing with Rule 56(c). *Heideman,* 710 F.Supp. at 713–14; *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254–55, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). To restate briefly the teaching of those cases, summary judgment is appropriate when there remains no genuine issue of material fact upon which a reasonable jury could find in favor of the nonmoving party. While the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the nonmoving party must go beyond the face of his complaint to show that a rational jury could return a verdict in his favor. We hold, as did the District Court, that the Heidemans did not make a sufficient showing to withstand PFL's motion

for summary judgment on statute of limitations grounds.

Each of the counts in this suit is subject to a statutory limitations period.[3] As the District Court determined, and as we agree, the Heidemans filed their lawsuit outside the limitations period on all counts, and Leo Heideman's age discrimination charge with the EEOC, prerequisite to suit under the ADEA, was lodged well beyond the permitted 180 days after the discriminatory act. *See* 29 U.S.C. § 626(d) (1982). But because none of these statutes of limitations, including the 180–day limit under the ADEA, is jurisdictional, they all may be extended by equitable tolling. With respect to the ADEA, see *EEOC v. Commercial Office Prods. Co.,* 486 U.S. 107, 123–24, 108 S.Ct. 1666, 1675–76, 100 L.Ed.2d 96 (1988) (quoting *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979)) ("[T]he filing provisions of the ADEA and Title VII are 'virtually *in haec verba,*' the former having been patterned after the latter."); *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) ("We hold that filing a timely charge of discrimination with the EEOC [under Title VII] is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *see also Walker v. Saint Anthony's Medical Center,* 881 F.2d 554, 556–57 (8th Cir. 1989) ("[T]he timely filing of a charge with the EEOC [under the ADEA] is not a jurisdictional requirement and is subject to waiver, estoppel and equitable tolling."); *DeBrunner v. Midway Equip. Co.,* 803 F.2d 950, 952 (8th Cir.1986) ("The ADEA's 180–day filing requirement is in the nature of a statute of limitations and may be subject to equitable tolling.").

■ Turning to the ADEA count, it is uncontroverted that Heideman failed to file his EEOC charge within 180 days of the discriminatory act (his discharge), so we

---

**3.** The District Court thoroughly and accurately discusses the applicable statutes. Although there is some disagreement, based on choice of law considerations, between the parties as to the

correct statutes of limitations on the common law counts, we agree with the District Court's conclusions on all counts. *See Heideman,* 710 F.Supp. at 721–22.

need to decide only whether summary judgment was appropriate on the issue of equitable tolling. We hold the District Court was correct in concluding that the Heidemans failed to come forward with facts that, if proved at trial, could support equitable tolling of the 180-day limitations period.

■ Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989) (Title VII case). "Equitable tolling arises upon some positive misconduct by the party against whom it is asserted." *DeBrunner*, 803 F.2d at 952 (ADEA case).

The Heidemans argue that PFL affirmatively concealed from Leo Heideman the reason for his discharge because it did not tell him he was fired for being too old. We have no doubt that is so. No employer is likely to admit to the disadvantaged employee a flagrant violation of a federal law against discrimination on the basis of age, race, or gender. Whether or not an employer tells its employee the true reason for the adverse employment decision is not the standard. Nor is it especially relevant that, as the facts show, PFL has attempted to conceal its discriminatory actions. The Heidemans have not adduced facts to show that the delayed filing was "due to the employer's concealment, misrepresentation or failure to post adequate notice." *Nielsen v. Western Elec. Co.*, 603 F.2d 741, 743 (8th Cir.1979). There is nothing on the record to indicate that the company successfully misled Heideman or prevented him from discovering or pursuing his rights under the ADEA. He concedes he was on notice from the very beginning that something was amiss. Indeed, Heideman has admitted repeatedly that he was certain at the time that he was not being told the true reason for his discharge. He even made some efforts to determine the truth, including contacting an attorney. Although he knew that he was not told the truth about his discharge, he quit looking for the answer and allowed the limitations period to run.

A survey of ADEA cases from this circuit where issues relating to the equitable tolling of statutes of limitations were decided on defendants' motions for summary judgment convinces us that the District Court was correct in this case.

This Court upheld summary judgment on the equitable tolling issue in a case where the discharged employee was not told that his job was being eliminated and was told that his supervisors were seeking another position for him within the company. *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 288 (8th Cir.1988). Here, Heideman was aware that, when he was demoted, he was replaced by Ed Korkki, who Heideman believed was fifteen to twenty years younger than himself. Heideman knew that PFL had fired him, and that the company did so without adequate time to evaluate—and to find wanting—his performance in his new position as regional manager. No one told him he would be assisted in finding another job with PFL so as to lead him to believe he was just being reassigned.

In *DeBrunner*, the employer had not posted the required notice concerning an employee's rights under the ADEA, *see* 29 U.S.C. § 627 (1982), but we affirmed summary judgment for the defendant because the discharged employee had a general awareness of his rights "or the means of obtaining such knowledge." *DeBrunner*, 803 F.2d at 952. In this case, uncontroverted affidavits presented by PFL show that the company posted the statutory notice at its headquarters, and Heideman acknowledged trips to that location at least once per month. If he did not see the notice (he says he does not remember seeing it), that failure is not grounds for tolling the statute since he had "reasonable access" to the notice. *Hrzenak*, 682 F.2d at 718.

In another ADEA case, this Court found that the limitations period was not subject to tolling despite the employee's allegations "that he was unassisted by counsel, unable to find a lawyer, and unfamiliar with the legal process." *James v. United States Postal Serv.*, 835 F.2d 1265, 1267 (8th Cir. 1988). Here, Heideman consulted a lawyer

and declined the attorney's offer to pursue the matter further. Heideman had the means to get the truth he sought, but chose not to take advantage of the opportunity because of the cost. The cost of engaging private legal services, however, does not justify equitable tolling. If it did, the 180–day limitations period would be rendered largely meaningless.

In yet another age discrimination case, this Court affirmed summary judgment for the employer where the fired employee argued that payment of severance benefits over a twenty-five-week period and the employer's offer of assistance in finding another job "lulled him into sleeping on his rights," but the employee presented no evidence of deliberate misconduct by the employer. *Kriegesmann v. Barry–Wehmiller Co.*, 739 F.2d 357, 358 (8th Cir.), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984). It is true that Heideman was told in a letter from Jeno Palucci that he was not doing the job in a satisfactory manner. But Heideman says he knew that was not true and says he also was told he did not fit upper management's "plan." PFL did not prevent him from finding out the truth merely because it did not openly proclaim its master plan to fire older employees because of their ages.

We find no disputed issue of material fact on the equitable tolling issue, and we agree with the District Court that PFL was entitled to judgment as a matter of law. Summary judgment on the Heidemans' ADEA claim therefore is affirmed.

■ On the ERISA claim, interference with protected rights, 29 U.S.C. § 1140 (1982), the Heidemans argue that the cause of action did not arise until 1986 when they received the "smoking gun" memorandum. We disagree. The cause of action accrued when Heideman was terminated in 1979. The gist of the Heidemans' claim is that Leo Heideman was discharged because, *inter alia*, PFL did not want to pay medical benefits to the couple. By the time Heideman was fired in 1979, the Heidemans were aware of all the facts that would put reasonable persons on notice that they had an actionable claim: they knew of their health problems, they understood that PFL was aware of their health problems, and they recognized that Leo Heideman had been fired without a legitimate reason.

■ Since ERISA does not have its own statute of limitations, the court applies the most analogous state statute when determining whether a cause of action under the act is time-barred. *See Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975), and cases cited therein. Missouri's borrowing statute, Mo.Rev.Stat. § 516.190 (1986), which prohibits the bringing of actions barred by the laws of the state in which the actions originated, requires application of the (most analogous) Tennessee statute of limitations. The limitations period covering contracts is six years, Tenn.Code Ann. § 28–3–109 (Repl.1980), and thus, as the District Court ruled, the ERISA claim is time-barred. The discussion concerning equitable tolling of the limitations period on the ADEA claim applies equally to the ERISA claim: the Heidemans have not come forward with any facts to create a jury issue on equitable tolling. Summary judgment on the ERISA claim is affirmed.

■ As for the common law tort claims, the thrust of the Heidemans' argument is that these causes of action did not accrue until long after the 1979 termination. The Heidemans also dispute the District Court's choice of law. We agree with the District Court that Missouri's borrowing statute, Mo.Rev.Stat. § 516.190, brings these counts within the province of Tennessee law and thus subjects them to a one-year statute of limitations. Tenn.Code Ann. § 28–3–104(a) (Repl.1980).[4] The tortious conduct complained of, the wrongful termination, occurred in Tennessee in 1979. The Heidemans' causes of action for emotional distress and loss of consortium accrued at that time, since the injuries resulting from the tortious conduct would have appeared

---

**4.** Even if Missouri's borrowing statute did not apply, the Heidemans' claims would be time-barred by the Missouri statute of limitations on torts of this nature (five years). Mo.Rev.Stat. § 516.120(4) (1986).

when PFL fired Leo Heideman or soon thereafter. *See Mackey v. Judy's Foods, Inc.*, 654 F.Supp. 1465, 1471 (M.D.Tenn. 1987) ("Under Tennessee law, a claim accrues when a plaintiff knows or reasonably should know that he has a cause of action against a defendant. A plaintiff is not permitted to wait, however, until he knows all of the injurious effects or consequences of a wrong."), *aff'd*, 867 F.2d 325 (6th Cir.1989); *Security Bank & Trust Co. v. Fabricating, Inc.*, 673 S.W.2d 860, 864–65 (Tenn.1983), *cert. denied*, 469 U.S. 1038, 105 S.Ct. 515, 83 L.Ed.2d 405 (1984).

On the common law fraud count, Heideman argues that the fraud was perpetrated in the time period between his demotion and his termination: he was fraudulently induced to accept the transfer. He maintains that he did not discover the fraud until receipt of the "smoking gun" memorandum. The District Court found, and we agree, that the cause of action accrued when Heideman was fired. He was then aware that he had been transferred and, in short order, fired, and that PFL knew he had refused previous promotion offers because he did not want to move from Kansas City. The memorandum told him nothing new that was relevant to his fraud claim; it did not even mention demotions or transfers. Heideman had five years to file his claim, Mo.Rev.Stat. § 516.120(5) (1986), and he failed to meet the deadline.[5]

The discussion concerning equitable tolling under the ADEA is also applicable to the Heidemans' argument for equitable tolling of the statutes of limitations on the common law counts and need not be repeated. Summary judgment on the common law counts is affirmed.

Based on our review of the record, we agree with the District Court that PFL was entitled to summary judgment on all the Heidemans' claims. Although the law requires this result, our decision means only that the Heidemans waited too long to assert their claims. We in no way condone PFL's conduct. It is difficult to imagine a more offensive document in a case such as this than the "smoking gun" memorandum around which this cause of action centers, reproduced in Appendix A of the District Court's opinion. *Heideman*, 710 F.Supp. at 723–24. The memorandum evidences a deliberate and reprehensible company policy of discrimination against its older employees. The document even goes so far as to recommend bonuses for the managers charged with the policy's implementation, payment of which presumably would depend upon their success in getting older employees out of PFL. But neither our compassion for the Heidemans nor the offensive nature of PFL's policy can create a fact issue on equitable tolling where no fact issue exists. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (equitable tolling denied in Title VII case where plaintiff failed to file suit within ninety days after receipt of right to sue letter). Courts are duty-bound to lay aside their personal sympathies, even when they are not so vague, and to decide the cases that come before them in accordance with the rule of law. We do so here.

The judgment of the District Court is affirmed.

---

5. Under Missouri law, the cause of action for fraud will be "deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." Mo.Rev.Stat. § 516.120(5). Here, Heideman knew "the facts constituting the fraud" when he was discharged, thus subjecting his claim to the five-year limit. *Id.*