37 F.3d 1503
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Vivian HOUSTON, Appellant,
v.
SAINT JOHN'S MERCY SKILLED NURSING CENTER, Appellee.
 No. 94-2141.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 25, 1994.
Filed: Oct. 18, 1994.
 
 Before MAGILL, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Vivian Houston appeals from the district court's[1] order dismissing her complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. We affirm.
 
 
 2
 Houston filed a complaint against her former employer, St. John's Mercy Skilled Nursing Center (St. John's). She alleged that she injured herself while turning a patient at St. John's, that she became unable to perform her job duties, and that in June 1992, during the course of her absence from work, she was unlawfully terminated based on this disability. Houston alleged that she filed charges with the Missouri Commission on Human Rights
 
 
 3
 (MCHR) and the Equal Employment Opportunity Commission (EEOC) in October 1993. She later admitted that she did not receive a right-to-sue letter from the EEOC because she failed to file her claim with them in a timely manner. Houston attributed this failure to her inability to get around as a result of her injury. She also alleged that she wrote the Director of the MCHR twice over a one-year period but received no response.
 
 
 4
 Upon St. John's motion, the district court dismissed Houston's complaint based in part on her failure to file a timely charge of discrimination with the EEOC and to obtain a right-to-sue letter before filing suit in federal court. Houston appeals.
 
 
 5
 Houston had 300 days from the date of her allegedly wrongful termination in which to file a claim with the EEOC, see 42 U.S.C. Sec. 2000e-5(e), but she did not file her claim until over a year later. This delay resulted in Houston's inability to obtain a right-to-sue letter from the EEOC. The timely filing of an EEOC charge and the receipt of a right-to-sue letter are not jurisdictional prerequisites to the maintenance of a Title VII action in federal court. See Jones v. American State Bank, 857 F.2d 494, 499 (8th Cir. 1988). Instead, they are conditions precedent to such actions, akin to a statute of limitations, and curable by equitable tolling of the EEOC's filing deadline. Id. at 499.
 
 
 6
 Equitable tolling is generally appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are beyond his or her control. Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990), cert. denied, 498 U.S. 1026 (1991). Houston has not shown that such circumstances exist in her case. While she attributed her late filing to her injury, there is no indication that the nature or extent of her injury would reasonably have prevented her from timely filing her EEOC claim. Vague allegations that she twice wrote the MCHR director do not support equitable tolling either. Thus, dismissal was proper based on Houston's failure to meet Title VII's administrative prerequisites for filing suit in federal court.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri