**In re Steve McELHANON and Kebby McElhanon.**

**M. Randy RICE, Trustee, Plaintiff,**

v.

**GOLF ENTERPRISES, INC. and Jim Colbert Golf, Inc., Defendants.**

**Bankruptcy No. 94–41939 S.**

**Adv. No. 96–4032.**

United States Bankruptcy Court,
E.D. Arkansas, Little Rock Division.

March 17, 1997.

Keith Grayson, N. Little Rock, AR, for Plaintiff.

Charles Coleman, Brian McGrath, Little Rock, AR, for Defendants.

**ORDER**

MARY D. SCOTT, Bankruptcy Judge.

This employment discrimination suit is before the Court upon the cross-motions for

summary judgment. Although this is not a core proceeding within the meaning of 28 U.S.C. § 157(b), and the defendant has not consented to entry of judgment by this Court, the Court has jurisdiction to decide these motions, pursuant to 28 U.S.C. §§ 157(a), 1334.

The third amended complaint states five causes of action, (I) a violation of the Arkansas Civil Rights Act, (II) wrongful termination under Arkansas law, (III) violation of the Family Medical Leave Act of 1993, (IV) gender discrimination under Title VII, and (V) civil conspiracy. The defendant moves for summary judgment on all counts, and the plaintiff moves for summary judgment on counts I and II. The plaintiff concedes that counts III and V are subject to dismissal. Both parties request summary judgment on the basis that the opposing party does not state a prima facie case or defense. Since only the issue of the statute of limitations is amenable to decision at this time, two counts of the complaint will proceed to trial.

Kebby McElhanon began working for the North Hills Country Club in March of 1990, serving as the membership coordinator. Her employers, being aware that she was required to care for a handicapped child, did not require her to work every weekend. In 1993, McElhanon became pregnant with a child due in May 1994. Upon being advised of her pregnancy, a member of management allegedly advised McElhanon's direct supervisor that "They would just have to get rid of her." On January 5, 1994, the corporation issued a memorandum requiring all membership personnel to work each and every weekend. When McElhanon indicated she could not work each and every weekend, her employment was terminated, on January 20, 1994.

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate when a court can conclude that no reasonable finder of fact could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986).

■ Both federal and Arkansas law make it unlawful for an employer to discharge an individual because of that individual's sex. *See* 42 U.S.C. § 2000e–2(a); A.C.A. § 16–123–101. This prohibition also includes discharge based upon a woman's pregnancy. 42 U.S.C. § 2000e(k). Both parties contend that they have submitted sufficient proof for award of summary judgment in their favor. The trustee has clearly met his burden of demonstrating a prima facie case of discrimination. One method of establishing a prima facie case for discrimination is through direct evidence, *i.e.,* proof that the motive for discharge was the individual's sex, even though other factors also motivated the decision, 42 U.S.C. § 2000e–2(m). *See generally Geier v. Medtronic, Inc.,* 99 F.3d 238 (7th Cir.1996). McElhanon's immediate supervisor, the person who terminated her, unequivocally stated that he was directed to "get rid of her" because of her pregnancy and that he in fact terminated her because of her pregnancy. In addition, the motion and, indeed, the defendant's response indicate that there is sufficient circumstantial evidence in the record to establish a prima facie case of discrimination. Accordingly, the defendant's motion for summary judgment, as it relates to establishment of prima facie case of discrimination under Title VII and under Arkansas law, is denied.

■ Similarly, the Court finds that the defendant has placed sufficient evidence in the record to withstand the plaintiff's motion for summary judgment. The defendant has submitted an affidavit wherein a corporate employee, the person who purportedly directed McElhanon's termination, asserts that the reason for debtor's termination was that she could not comply with the corporate policy, instituted shortly after management learned of her pregnancy, that "membership

personnel"[1] work each and every weekend. Accordingly, the plaintiff's motion for summary judgment will be denied.

In order to maintain an employment discrimination suit under Title VII, McElhanon was required to file a complaint with the Equal Employment Opportunity Commission on or before July 19, 1994. A complaint was not filed until July 10, 1995, one year past the expiration of the time limitation.[2] The EEOC issued a right to sue letter on August 8, 1995. Accordingly, McElhanon was required to file a complaint with the district court on or before November 8, 1995. 42 U.S.C. § 2000e–5. In order to maintain an employment discrimination suit under 42 U.S.C. § 2000e, the trustee was required to file a complaint with the court on or before November 6, 1995. This complaint was not filed until February 16, 1996. Plaintiff does not dispute that the complaint was untimely under 42 U.S.C. § 2000e. Rather, he asserts that the doctrine of equitable tolling permits maintenance of the action.

The time limitations of Title VII are not jurisdictional requirements and, thus, are subject to equitable tolling. *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Heideman v. PFL, Inc.,* 904 F.2d 1262 (8th Cir. 1990), *cert. denied,* 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991). Under the doctrine of equitable tolling, a plaintiff will be excused from application of the statute of limitations if the deadline was missed due to circumstances beyond plaintiff's control or if there is some positive misconduct on the party charged. *Heideman,* 904 F.2d at 1266 (8th Cir.1990). Under *Heideman,* the court does not focus upon whether the reason for the discharge was concealed, but, rather, whether the plaintiff was mislead or prevented from pursuing her rights. *Id.* Thus, under the equitable tolling doctrine, the focus is upon whether there was any misconduct or circumstances which prevented the plaintiff from pursing rights; the merits of the action or concealment of the motives are not relevant. Equitable tolling will not apply if the plaintiff had a "general awareness" of rights or the "means of obtaining such knowledge." *Id.*

As a matter of law, McElhanon, into whose shoes the trustee steps, was not only aware of the her rights but also testified that, at the time she was terminated, she believed that she was terminated because of her pregnancy. Further, it was in January of 1995, six months prior to the filing of the EEOC complaint, that her former supervisor admitted to her that she had been fired because of her pregnancy. Despite this knowledge and information, the plaintiff allowed the statute of limitations to lapse. Accordingly, the doctrine of equitable tolling is not available to prevent dismissal of the Title VII action. Since the doctrine of equitable tolling is not applicable, the statute of limitations expired prior to the filing of the Title VII action such that it will be dismissed. It is

**ORDERED** as follows:

1. Counts III, stating a cause for violation of the Family Medical Leave Act of 1993, and V, stating a cause for civil conspiracy are DISMISSED.

2. Defendant's Motion for Summary Judgment, filed on December 10, 1996, is DENIED in part and GRANTED in part. Summary Judgment is granted as to Count IV, stating a cause of action under 42 U.S.C. § 2000e.

3. Plaintiff's Motion for Partial Summary Judgment, filed on December 3, 1996, is DENIED.

4. Trial on the merits on the remaining counts, Count I, stating a cause of action under the Arkansas Civil Rights Act of 1993, and Count II, for wrongful termination, shall be set by subsequent notice.

**IT IS SO ORDERED.**

---

1. It appears from this record that McElhanon was the only membership coordinator on staff at the country club.

2. Although this bankruptcy case was filed in October 1994, 11 U.S.C. § 108 does not serve to toll the statutes since the limitations period ran prior to the filing of the bankruptcy case.