# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1818

_____

| | | |
|---|---|---|
| Lingi Anderson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Whirlpool Corporation, | * | Eastern District of Arkansas. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: October 4, 2001

Filed: October 16, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Lingi Anderson appeals the district court's[1] adverse grant of summary judgment in her lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. We have carefully reviewed the record and the parties' submissions on appeal. For the reasons stated by the district court, we conclude that

---

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Ms. Anderson's charge of discrimination was untimely filed, see Shempert v. Harwick Chem. Corp., 151 F.3d 793, 796 n.3 (8th Cir. 1998) (noting Arkansas plaintiff had 180 days to file charge with Equal Employment Opportunity Commission), cert. denied, 525 U.S. 1139 (1999), and that the circumstances did not justify equitable tolling of the filing period, see Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328-29 (8th Cir. 1995) (EEOC filing period should be tolled only when plaintiff is unable to obtain vital information bearing on existence of her claim; question is whether reasonable person in plaintiff's situation would have been expected to know of existence of possible unlawful discrimination); Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands."), cert. denied, 498 U.S. 1026 (1991). Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.