# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-354V
Filed: August 6, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DOROTA VON MAACK, | * | |
| | * | TO BE PUBLISHED |
| Petitioner, | * | |
| | * | Special Master Zane |
| v. | * | |
| | * | Influenza vaccine; hearing loss; |
| SECRETARY OF HEALTH | * | dismissal; untimely petition; |
| AND HUMAN SERVICES, | * | equitable tolling |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Dorota Von Maack*, Petitioner, *pro se*, Ridgewood, NY;
*Ann D. Martin*, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE[1]

This matter is before the special master on Respondent's Motion to Dismiss ("Motion to Dismiss"). Petitioner, Dorota Von Maack, filed her petition on June 4, 2012, seeking compensation under the National Childhood Vaccine Injury Act ("Vaccine Act"), as amended, 42 U.S.C. §§ 300aa-1, *et seq*; Petition at 1.[2] Petitioner filed her petition, *pro se*, in

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, § 205, 44 U.S.C. § 3501 (2006). The decisions of the special master will be made available to the public with the exception of those portions that contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material. In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available. If the special master, upon review of a timely filed motion to redact, agrees that the identified material fits within the categories listed above, the special master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

[2] Part 2 of the Vaccine Act established the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 through § 300aa-34 (2006) ("Vaccine Program").

1

May 2012, claiming that the influenza ("flu") vaccine she received in October 2008 caused her adverse effects on (1) her respiratory system, her suffering from bronchietasis two years later in September 2010 and chronic obstructive pulmonary disease ("COPD") nearly four years later in February 2012; (2) her gastrointestinal system, having suffered from an idiopathic ulcerative colitis nearly eight months later in June 2009; and (3) her hearing, having suffered from the destruction of stapes implants six months later in May 2009. Petition at 1. In September 2012, in a submission to the record, Petitioner stated that although after the vaccine she suffered respiratory and gastrointestinal problems, her "main contention" was that her hearing loss in her left ear was caused by the vaccine. Medical Records [DE #6].[3]

Respondent moved to dismiss Petitioner's action as untimely based on the Vaccine Act's applicable statute of limitations. 42 U.S.C. § 300aa-16(a)(2). Respondent argues that Petitioner's claim is untimely because her petition was filed more than 36 months after the date of occurrence of her three types of symptoms. Motion to Dismiss at 2.

In her response to the motion to dismiss, Petitioner raised and discussed only her hearing loss injury. She did not mention her other alleged illnesses, her gastrointestinal or respiratory complications. Petitioner points to her note where she indicated she contacted the vaccine manufacturer in January 2012, DE #6 and 7, and argues that this contact evidences she was diligent. Petitioner argues that her contact with GlaxoSmithKline in January 2012 was only 32 months after her ear injury in May 2009, so that her claim is actually within the statute of limitations. P's Response at 2. Alternatively, Petitioner argues that based on that contact within the statute of limitations, equitable tolling should apply and, thus, her action should not be dismissed. P's Response at 1.

Respondent replied that Petitioner did not exercise due diligence in pursuing her claim and that Petitioner's circumstances do not constitute extraordinary circumstances. Respondent's Reply to Petitioner's Response to Respondent's Motion to Dismiss ("R's Reply") at 2-3). Thus, Petitioner should not be excused from failing to file a timely claim, *Id.* (citing *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151 (1984); *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990); *Cloer v. Sec'y of Health & Human Servs.,* 654 F.3d 1322, 1344-45 (Fed. Cir. 2011), *cert. denied,* 132 S. Ct. 1908 (2012).

Based on review of the record as a whole and as explained in detail below, Petitioner's claim is untimely, and equitable tolling of the statute of limitations is not warranted. As such, Petitioner's action is hereby **DISMISSED.**

---

[3] The medical records Petitioner filed were submitted on September 21, 2012 [DE #6]. They are labeled as Exhibit A-1 in the docket entry. But, review of the actual document reveals that it is a narrative of events by Petitioner with attachments of Exhibits labeled A-J. Thus, the reference to Petitioner's Exhibits A-J in this decision refers to those exhibits filed in DE #6, labeled with letters.

2

## I.    BACKGROUND

Petitioner's medical problems began approximately five years prior to receipt of her vaccination. *See* Petitioner's Exhibit B; [DE #6]. In 2003, years before receiving the vaccine, Petitioner underwent a stapedectomy procedure in her left ear as she was suffering from otosclerosis.[4] Petitioner's Exhibit B. Petitioner claims that following the procedure, the "hearing in [her] left ear was fine." Petitioner's Medical Records [DE #6] at 1. Three years later, in June of 2006, Petitioner visited the New York Eye & Ear Infirmary Hospital for a follow-up visit, at which she complained of post-surgery episodes of tinnitus, hearing loss, and imbalance in her left ear. Petitioner's Exhibit C at 1-3.

On October 22, 2008, Petitioner received a flu vaccination. *See* Petitioner's Exhibit D. About a month after receipt of the vaccine, Petitioner began to experience gastrointestinal problems. Petitioner's Exhibit E at 1 [DE #6]. Approximately six months after her vaccination, Petitioner returned to the New York Eye & Ear Infirmary Hospital with concerns about her hearing abilities. Petitioner's Exhibit H at 1-2 [DE #6]. At that time, it was noted that Petitioner had a history of "decreased hearing." Petitioner's Exhibit H at 2 [DE #6].

Over three years after receipt of the vaccination in January 2012, Petitioner claims to have contacted GlaxoSmithKline explaining "the impact the flu vaccine had on [her] hearing." Note of Petitioner to File, DE #8.[5] On January 23, 2012, the company responded to Petitioner, mailing her an "Authorization to Contact Physician" form, which she claims to have executed and returned. P's Response at 3.[6] On May 29, 2012, GlaxoSmithKline mailed a second letter to Petitioner, denying all allegations against the company[7] and informing Petitioner of her potential claim under the Vaccine Act as well as providing her with pertinent information about the program. P's Response, Attachment at 4. Subsequently, on June 4, 2012, Petitioner filed a petition seeking compensation under the Vaccine Act. Petition at 1.

---

[4] Otosclerosis is defined as "otospongiosis of the bony labyrinth, especially adjacent to the footplate of the stapes; it may cause bony ankylosis of the stapes, resulting in conductive hearing loss." *Dorland's Illustrated Medical Dictionary* 1351 (32nd ed. 2012).

[5] Petitioner has not provided copies of any of her correspondence with GlaxoSmithKline, only the company's responses.

[6] Petitioner did not submit a copy of her correspondence.

[7] Petitioner's claims that she was told by a company representative that GlaxoSmithKline would "like to compensate damages to [her] health"; that "if [her] case would not go through the program the company would take full responsibility for compensation"; and that the company requested that Petitioner "write what compensation [she] would like to receive." Those statements on their face appear inconsistent with the plain language in the letters from GlaxoSmithKline that Petitioner provided. *Compare* P's Response at 1 *with* P's Response, Attachments at 3-4.

## II.    APPLICABLE LEGAL STANDARDS

The Vaccine Act specifies that "no petition may be filed for compensation under the Vaccine Program for such injury after the expiration of 36 months after the dates of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury...." 42 U.S.C. § 300aa–16(a)(2). The Federal Circuit has held that this thirty-six-month statute of limitations "begins to run on the date of occurrence of the first symptom or manifestation of onset of the vaccine-related injury for which compensation is sought, and the symptom or manifestation of onset recognized as such by the medical profession at large." *Cloer,* 654 F.3d at 1340. The Court reasoned that "an objective standard that focuses on the recognized standards of the medical profession at large treats petitioners equally, without regard to their individual medical awareness." *Id.* at 1335 (quoting *Markovich v. Sec'y of Health & Human Servs.,* 477 F.3d 1353, 1360 (Fed. Cir. 2007)).

The Circuit has also held that equitable tolling applies to the Vaccine Act. *Cloer,* 654 F.3d at 1340, *overruling Brice v. Sec'y of Health & Human Servs.,* 240 F.3d 1367 (Fed. Cir.), *cert. denied,* 534 U.S. 1040 (2001). Nevertheless, the Circuit acknowledged that the doctrine of equitable tolling was to be used "sparingly" and that it would apply only in exceptional circumstances. *Cloer,* 654 F.3d at 1344-45 (citing *Irwin,* 498 U.S. at 96).

A petitioner requesting equitable tolling must establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005), *citing Irwin v. Dep't of Veterans Affairs,* 498 U.S. at 96. Equitable tolling of a federal statute of limitations is "appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." *Heideman v. PFL, Inc.,* 904 F.2d 1262, 1266 (8th Cir. 1990), *cert. denied,* 498 U.S. 1026 (1991); *Lockwood v. United States,* 90 Fed. Cl. 210, 218 (2008). As a result, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr.,* 466 U.S. at 151. Thus, "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin,* 498 U.S. at 96.

"Extraordinary circumstances" have been found where the petitioner has pursued his judicial remedies in a diligent manner, but has filed a defective pleading during the statutory period, or where the petitioner has been tricked or induced by his adversary's misconduct into allowing the filing deadline to pass. *Irwin,* 498 U.S. at 96; *see also Cloer,* 654 F.3d at 1344-45. When a petitioner files an untimely petition, and he has not "exercise[d] due diligence in preserving his legal rights . . ." a court is unlikely to find a basis for tolling the limitations period. *Leonard v. Gober,* 223 F.3d 1374, 1376 (Fed. Cir. 2000), *cert. denied,* 531 U.S. 1130 (2001), *quoting Irwin,* 498 U.S. at 95-96. Courts will not apply equitable tolling where a petitioner could have discovered the existence of a cause of action before the expiration of the statute of limitations. *Roth v. United States,* 73 Fed. Cl. 144, 153 (2006). Therefore, plain excusable neglect will not assist a petitioner in providing a basis for equitable tolling. *Martinez v. United States,* 333 F.3d 1295, 1318 (Fed. Cir. 2003), *cert. denied,* 540 U.S. 1177 (2004).

4

## III. DISCUSSION

### A. Petitioner's Filing of Her Claim Was Untimely.

Petitioner's claim is untimely. For Petitioner's claim to be timely, she must have filed her petition within 36 months of the onset of her symptoms. 42 U.S.C. § 300aa–16(a)(2); Petition at 1. Petitioner received the vaccination in October 2008. Petition. The medical records provided indicate that it was in May 2009 that it was confirmed that the stapes implant in her left ear had been displaced and that Petitioner had "maximum hearing loss on the left." Petitioner's Exhibit I at 1. As such, May 2009 is the time at the latest when Petitioner's symptoms became apparent. Thus, Petitioner had 36 months from May 2009, until May 2012 to file a timely petition. Her petition, filed on June 4, 2012, was filed more than 36 months after the onset of symptoms in May 2009. Because it was filed more than 36 months after the onset of symptoms, Petitioner's claim is untimely. Petition at 1.

Petitioner's argument that her claim of hearing loss is timely because she notified the vaccine's manufacturer of her hearing loss within thirty-two (32) months of the occurrence of her symptoms is not supported by the Vaccine Act. P's Response at 2.[8] The Act provides that "[a] proceeding for compensation under the Program for a vaccine related injury or death shall be initiated by service upon the Secretary and the filing of a petition containing the matter prescribed by subsection (c) of this section with the United States Court of Federal Claims." 42 U.S.C. § 300aa–11(a)(1). The plain language of the statute clearly provides that filing means filing in the Court of Federal Claims. Petitioner's efforts to inform GlaxoSmithKline of the occurrence of her symptoms are insufficient to satisfy the formal filing process under the Vaccine Act.

Because Petitioner did not file her claim within 36 months of the onset of her symptoms, her petition is untimely. Absent establishing that equitable tolling is warranted, Petitioner's action must be dismissed.

---

[8] In her October 2012 filing, Petitioner indicated that she was not pursuing claims relating to any respiratory and gastrointestinal problems. [DE #6-7]. She did not mention them in her response to the motion to dismiss. P's Response. And, at the status conference held after briefing was complete, Petitioner focused only on her hearing problem. As such, any claims relating to those problems are deemed waived.

Nonetheless, even if those claims were to be considered, they are untimely. As to Petitioner's claimed gastrointestinal complications, those symptoms began to occur shortly after receipt of the flu vaccination in November 2008. See Petitioner's Exhibit E [DE #6]. Because Petitioner filed her petition approximately forty-four months after her gastrointestinal symptoms began, that filing relating to any claim based on this symptom is untimely.

Similarly, Petitioner's claim pertaining to her respiratory symptoms is also untimely. One day following the receipt of her vaccination, on October 23, 2008, Petitioner experienced occurrences of wheezing. Petitioner's Filing at 1. Her petition, having been filed over forty-four months later, is therefore untimely. See Petition at 1.

## B. Equitable Tolling Does Not Apply to Petitioner's Claim.

To avoid dismissal, Petitioner argues that equitable tolling should apply. The circumstances that have been recognized as "extraordinary" are those in which a petitioner has pursued her claims diligently although the filing was defective or where she was prevented by fraud or trickery from doing so. *Irwin*, 498 U.S. at 96; *Cloer*, 654 F.3d at 1344-45. Petitioner claims that she pursued her rights diligently. Based on the record, it is clear that Petitioner did not pursue her rights diligently. Once she began to experience her hearing problems six months after receipt of the vaccine, Petitioner had an obligation to pursue and file her claim within thirty-six months. Petitioner certainly had time over the next several months and years to contact her doctors or others and perform the appropriate research and determine that she had a claim and file it. Petitioner's waiting an extended period of time, apparently nearly thirty-one months to contact the manufacturer of the vaccine, GlaxoSmithKline, shows a lack of diligence on her part. Rather than wait such a long time, if Petitioner had pursued her rights diligently, she certainly would have contacted the company much sooner, been informed of the program sooner and filed her claim sooner.

Petitioner's arguments that equitable tolling is warranted based on extraordinary circumstances are not supported by the record. Petitioner claims that the three circumstances that existed that prevented her from filing a timely petition constitute "extraordinary" circumstnaces, *i.e.*, (1) that she was unaware of a potential claim under the Vaccine Program until a representative of GlaxoSmithKline instructed her to the National Vaccine Compensation Program in May 2012[9]; (2) that she filed a defective petition when she notified GlaxoSmithKline of her hearing loss; and (3) that GlaxoSmithKline attempted to trick her into filing an untimely petition. Petitioner's Response at 1-2; June 4, 2013 Status Conference. P's Response at 1

Considering Petitioner's three claimed circumstances, the special master finds that none of them constitute extraordinary circumstances. First, with regard to Petitioner's lack of knowledge of her potential claim under the Vaccine Act, that she did not become aware of her potential claim until after the expiration of the 36-month statute of limitations is not a basis for applying equitable tolling. A petitioner's lack of knowledge of the law does not constitute an extraordinary circumstance permitting equitable tolling of the statute of limitations. *See Cloer*, 654 F.3d at 1344-45 (rejecting application of equitable tolling when petitioner did not discover a potential claim until three years after her diagnosis of MS, while conducting research).

Second, the contact that Petitioner had with GlaxoSmithKline does not qualify as a defective pleading. Petitioner argues that the filing of her petition was defective because she notified the vaccine's manufacturer of her hearing loss within thirty-two (32) months of the occurrence of her symptoms. The Act is unambiguous in requiring a petition to be filed in a timely manner with the Court. 42 U.S.C. § 300aa–11(a)(1). Although there are situations of defective filings in which a Petitioner may have misunderstood the Act's requirements, this is

---

[9] Petitioner states that prior to communicating with GlaxoSmithKline "[she] never thought that [her] hearing issues were the result of the government's fault . . . [she] did not even think about any compensation for loss of hearing . . ." Petitioner's Response at 2.

6

not one of those situations. *See, e.g., Askew v. Sec'y of Health & Human Servs.*, 2012 WL 2061804, at *6 (Fed. Cl. Spec. Mstr. May 17, 2012) (a defective filing occurred when a copy of the petition was provided to the Secretary, but Petitioner failed to also file a copy of the petition with the Court). A defective filing still means that there was some claim made albeit defective. Petitioner's correspondence with the vaccine manufacturer is not a pleading. As such, it cannot be considered a defective pleading.

Third, Petitioner's claim that the company lulled her into inaction is also without support. Petitioner claims that she was told by a company representative that GlaxoSmithKline would "like to compensate damages to [her] health"; that "if [her] case would not go through the program the company would take full responsibility for compensation"; and that the company requested that Petitioner "write what compensation [she] would like to receive." Petitioner's Response at 1. Those statements are contrary to the clear statements in the letters from GlaxoSmithKline that Petitioner is referencing. At no place in either of the letters Petitioner provided were there any statements that the manufacturer would compensate her for damages to her health and would take full responsibility for compensation. Petitioner's Response, Attachments 1 and 2.

There is no indication from the statements made by GlaxoSmithKline that they were intending to trick Petitioner into missing the filing deadline for her claim. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. at 96 (equitable tolling may be applied when the petitioner has been tricked or induced by his adversary's misconduct).[10] Given the statutory scheme under which the vaccine manufacturer, GlaxoSmithKline, is not liable for any damages under the Vaccine Act, the manufacturer has no incentive to induce such misconduct. Rather than hide the existence of the Vaccine Program, GlaxoSmithKline actually advised Petitioner of the existence of the program. Petitioner's Response, Attachment 2.

Certainly, had Petitioner diligently pursued her inquiry and made it earlier, she would have been given the same advice earlier, potentially in time to file her claim within the statute of limitations. Petitioner was not prevented from pursuing her claims due to circumstances that were beyond her control. *Irwin*, 498 U.S. at 96; *Cloer*, 654 F.3d at 1344-45. Her failure to do so does not excuse her or provide a basis for applying equitable tolling.

Petitioner has failed to satisfy her burden of demonstrating that the statute of limitations should be equitably tolled. Because her petition was filed after the lapse of the statute of limitations, her petition should be dismissed.

---

[10] As Petitioner has not provided the letters that she sent to GlaxoSmithKline, the special master has no way of knowing what Petitioner requested of the company or when those requests were made. *See generally* Petitioner's Exhibits A-J.

7

## CONCLUSION

Accordingly, this action is hereby **DISMISSED** as untimely filed. In the absence of a motion for review pursuant to RCFC, Appendix B, the clerk is directed to enter judgment accordingly.[11]


**IT IS SO ORDERED.**

Daria J. Zane
Special Master

---

[11] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.